{¶ 18} I concur with the majority that Gray improperly appealed the trial court's denial of his motion to dismiss but I disagree with the rest of the majority opinion because I believe that any errors the trial court may have made at the resentencing hearing amounted to harmless error. I therefore concur in part and dissent in part.
 {¶ 19} The majority found persuasive Gray's argument, that the trial court's failure to conduct a resentencing hearing "with all the accouterments of an initial sentencing" was ipso facto reversible error. Relying on Campbell, the majority stated "because the right of allocution is an absolute right, it cannot be waived." Campbell did indeed say as much, but it held that, "[i]n a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error orharmless error." Campbell, paragraph three of the syllabus (emphasis added).
 {¶ 20} I believe that the court's failure to ask Gray whether he wished to speak was harmless error. The long and winding road to this sentencing appeal, described in the majority's recap of the procedural history, leads to the conclusion that the trial court's failure to ask Gray to speak was harmless error. Moreover, Gray has not shown that he was prejudiced by the trial court's failure nor is there any evidence of prejudice in the record. Because this error is harmless, remanding the matter is truly an exercise in futility and a waste of time for all involved.
 {¶ 21} Separately, the court states that the trial court "did not advise [Gray] of his constitutional rights." Just which constitutional rights Gray was not advised of, the majority does not say. The record shows that the trial court did not, at the second sentencing hearing, advise Gray that he had the right to appeal. At the time of the second sentencing hearing, however, Gray had (1) appealed his conviction; (2) appealed this court's decision affirming his conviction to the Supreme Court (which denied the appeal); (3) filed a motion to this court for reconsideration (which was granted in part due to ineffective assistance of counsel and which resulted in a remand for resentencing); and, finally, (4) appealed the resentencing. Gray was certainly aware of his right to appeal and the trial court's failure to so advise at the resentencing hearing was again, if anything, harmless error.
 {¶ 22} I would hold that the errors of the trial court are harmless and I would affirm the sentences imposed. Again, I agree with the majority's conclusion that Gray improperly appealed the trial court's denial of Gray's motion to dismiss. I therefore concur in part and dissent in part.